IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Civil Action No.: _____

KARENA QUINCANYA RANKIN,           )
                                    )
                 Plaintiff,         )
                                    )
v.                                  )
                                    )        **COMPLAINT AND**
PERRY STEVE WEEKS and SOUTHERN      )        **DEAMND FOR JURY TRIAL**
AG CARRIER'S, INC.                  )
                                    )
                 Defendants.        )
                                    )
                                    )
                                    )

    NOW COMES the Plaintiff, by and through counsel, and complaining of the Defendants, jointly and severally, and alleges and says as follows:

1. Plaintiff Karena Quincanya Rankin and is a resident of Cleveland, North Carolina.

2. That upon information and belief, the Defendant, Perry Steve Weeks (hereinafter referred to as "Defendant Weeks"), is a citizen and resident of Sylvester, Georgia.

3. That upon information and belief, the Defendant, Southern AG Carriers, Inc., is a duly formed and constituted domestic corporation, organized pursuant to Georgia law that transacts business in North Carolina, with its principle place of business located at 3422 Sylvester Road, Albany GA 31705. It can be served through its registered agent, Hugh H. Nall, 359 Lovers Lane Road, Leesburg, GA 31763.

4. Defendant Southern AG Carriers, Inc. (hereinafter collectively referred to as Defendant "Southern ") is subject to personal jurisdiction in that they transact business within the State of North Carolina and caused tortious injury by an act or omission within the State of North Carolina, resulting in injuries and damages to the Plaintiff.

5. Defendant Southern was the owner of a 2015 Mack tractor-trailer truck with a VIN number of 1M1AW07Y7FM051009 involved in this accident.

6. At all times relevant hereto, Defendant Southern operated as a motor carrier engaged in interstate commerce and employed Defendant Weeks as a truck driver who was otherwise in control of the aforementioned tractor-trailer truck.

1

7. That at all times herein mentioned, Defendant Southern acted by and through its agents, servants, and employees, who at all times herein mentioned acted within the course and scope thereof, including Defendant Weeks.

8. On or about March 9, 2022, Defendant Weeks operated the tractor-trailer unit with the consent of the owner of the tractor and trailer, Defendant Southern, and operated the tractor-trailer unit under Defendant Southern's operating authority granted to it by the United States Department of Transportation.

9. On or about March 9, 2022, Defendant Weeks operated the above tractor-trailer unit while in the course and scope of his employment with Defendant Southern.

10. Defendant Weeks was operating the Tractor-Trailer for the benefit and on behalf of Southern AG Carriers, Inc. in the course and scope of his employment, agency and servitude with Southern AG Carriers, Inc.

11. Defendant Weeks was operating the Tractor Trailer to serve the interests of Southern AG Carriers, Inc. pursuant to an express or implied agreement: between Southern AG Carriers, Inc. and Defendant Weeks.

12. Defendant Weeks was operating the Tractor-Trailer for a single business enterprise for profit, for which purpose Southern AG Carriers, Inc. and Defendant Weeks combined their property, money, effects, skills and knowledge.

13. The Subject Incident occurred during and in furtherance of a joint venture and agreement between Southern AG Carriers, Inc. and Defendant Weeks, wherein each had a right of control and right to share in the profits of the joint venture, and each had a duty to share in any losses that may be sustained as a result of the joint venture.

14. Defendants each caused, or contributed to cause the injuries sustained by Plaintiff, and as such, the independent acts and/or omissions of Defendants resulted in indivisible injuries to Plaintiff. As a result, Defendants are jointly and severally liable for the injuries to Plaintiff.

15. That US 70 is now and was at all times herein mentioned an open and public street, highway, and thoroughfare where it is located within Cleveland, Rowan County, North Carolina.

16. On or about March 9, 2022, Plaintiff was traveling west on US 70 immediately prior to the crash.

17. At or about the same time, Defendant Weeks was also traveling west on US 70.

18. That at or about the same time, Defendant Weeks' tractor trailer unit became stuck in mud in the median of US 70.

19. That as Defendant Weeks attempted to free his vehicle from the mud, his trailer was left

on the roadway, blocking both lanes of travel on US 70.

20. That the location of the tractor and trailer driven by Defendant Weeks after it became disabled blocking the lanes of travel caused an unreasonable danger to approaching traffic.

21. That once the tractor trailer unit Defendant Weeks was operating became disabled, he failed to take appropriate measures such as placing out cones or flares to warn the general public including Plaintiff.

22. As Plaintiff approached US 70, her view of the tractor trailer unit was distorted due to the darkness of the hour and the location of the trailer.

23. That despite using reasonable care and despite taking evasive action, Plaintiff could not avoid colliding and under-riding the side of the trailer Defendant Weeks was operating.

24. Plaintiff suffered serious personal injury as a result of the collision.

## **FIRST CLAIM FOR RELIEF AGAINST DEFENDANT WEEKS AND DEFENDANT SOUTHERN : NEGLIGENCE**

25. That the proceeding paragraphs above are adopted and incorporated by reference herein.

26. That at the aforesaid time and place, Defendant Weeks operated the above identified tractor and trailer in a negligent, grossly negligent, reckless and acted willfully and/or in a wanton manner on the roadway and that Defendant Southern was thereby vicariously negligent.

27. That as a result of Defendant Weeks's careless, negligent, grossly negligent, reckless and willful and/or wanton actions, a collision occurred between Defendant Weeks and Plaintiff.

28. That the aforesaid collision and the resulting injuries, and damages sustained by Plaintiff were directly and proximately caused by the careless, negligent, grossly negligent, reckless and willful and/or wantonly actions of Defendants, and each of them, acting through their respective agents, servants, and employees, in the operation, maintenance, and control of the aforesaid tractor/trailer, in the following respects:

    a. Defendant Weeks failed to keep proper control of his vehicle;

    b. Defendant Weeks parked and left standing his vehicle on the main traveled portion of the roadway in violation of N.C. Gen. Stat. § 20-161(a);

    c. Defendant Weeks failed to ensure that his vehicle could be seen from a distance of 200 feet in violation of N.C. Gen. Stat. § 20-161(b);

    d. Defendant Weeks failed to warn travelers of the roadway by placing warning devices in the direction of approaching traffic in violation of N.C. Gen. Stat. § 20-161(c);

    c. Failure to exercise the degree of care that a reasonably prudent person would have exercised under the same or similar circumstances then existing; and

    d. Operating his vehicle in a manner that was otherwise negligent, grossly negligent, careless, reckless, willful and wanton, and unlawful as shall be determined through discovery; and

    e. Was negligent in other respects to be proven at the trial of this case.

29. That as a direct and proximate result of the aforesaid collision, Plaintiff sustained severe and painful injuries to his person, including, but not limited to fractures, and multiple other trauma.

30. That as a direct and proximate result of the negligence and carelessness of Defendant Weeks, Plaintiff sustained damage to her personal property, severe injuries in mind and body, incurring, but not limited to, wage earning ability, property damage, medical expenses, pain and suffering resulting in damages in an undetermined sum in excess of seventy-five thousand dollars ($75,000.00) for which Defendant Southern is vicariously liable as Defendant Weeks's employer.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT SOUTHERN

31. That the proceeding paragraphs above are adopted and incorporated by reference herein.

32. That Defendant Weeks was at all times relevant hereto operating a tractor-trailer unit under the authority and dispatch of his employer Defendant Southern.

33. That Defendant Weeks was, at the time of the incident, operating the tractor-trailer unit in the course and scope of his employment with the Defendant Southern.

34. That Defendant Southern is liable under the doctrine of respondeat superior because an employer is vicariously liable for the torts of an employee committed within the course and scope of employment with the employer.

35. That as a direct and proximate result of the negligence and carelessness of Defendant Weeks, Plaintiff sustained damage to her personal property, severe injuries in mind and body, incurring, but not limited to, wage earning ability, property damage, medical expenses, pain and suffering resulting in damages in an undetermined sum in excess of seventy-five thousand dollars ($75,000.00) for which Defendant Southern is vicariously liable as Defendant Weeks's employer.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANT SOUTHERN

36. That the proceeding paragraphs above are adopted and incorporated by reference herein.

37. That Defendant Southern owed the general public, including the Plaintiff, a duty to determine the qualifications of its employees including, but not limited to, (a) adequately evaluating applicants before hiring them as truck drivers, (b) adequately training and supervising these drivers, and (c) adequately evaluating these employees' job performance so as to discharge any incompetent or negligent employee before he injured the public and/or its property.

38. That Defendant Southern breached these duties to the general public, including the Plaintiff, by its negligent and careless hiring, training, supervising, and retaining of Defendant Weeks who was unqualified, negligent and careless in his actions. As such, Defendant Southern should have never entrusted the truck and trailer to Defendant Weeks.

39. That Defendant Southern's careless and negligent actions were a direct cause of the accident with Plaintiff.

40. That as a direct and proximate result of the negligence and carelessness of Defendants, Plaintiff sustained severe injuries incurring, but not limited to, wage earning ability, property damage, medical expenses, pain and suffering resulting in damage to Plaintiff in an undetermined sum in excess of seventy-five thousand dollars ($75,000.00) for which Defendant Southern is vicariously liable as Defendant Weeks's employer.

## **FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT SOUTHERN : NEGLIGENCE PER SE**

41. That the proceeding paragraphs above are adopted and incorporated by reference herein.

42. The Subject Incident and the injuries and damages described herein are the direct and proximate result of Southern's violations of Part 390 et seq. of the Federal Motor Carriers Safety Regulations, in at least the following respects:

    a. Southern failed to determine that Defendant Weeks lacked the requisite ability, fitness and qualifications to operate a commercial vehicle at the time of his first employment. or contracting with Southern ;

    b. Southern failed to provide adequate and sufficient training to Defendant Weeks such that he could obtain the requisite ability, fitness and qualifications to operate the Tractor-Trailer;

    c. Southern failed to determine that Defendant Weeks lacked the requisite ability, fitness and qualifications to operate a commercial vehicle between the time of his first employment or contracting with Southern and the Subject Incident;

    d. Southern failed to ensure that Defendant Weeks possessed sufficient knowledge of the Federal Motor Carrier Safety Regulations so as to be in a position to comply with said regulatory scheme and safely operate the Tractor-Trailer;

5

e. Southern failed to monitor the activities of Defendant Weeks so as to become aware of his failure to comply with one or more of the Federal Motor Carrier Safety Regulations;

   f. Southern entrusted and allowed Defendant Weeks to operate the Tractor-Trailer at a time when it knew, or should have known, that he lacked the requisite ability, fitness and qualifications to safely operate the Tractor-Trailer at the time of the Subject Incident; and/or

   g. Southern entrusted and allowed Defendant Weeks to operate the Tractor-Trailer at a time when it knew, or should have known, that he was not in compliance with one or more of the Federal Motor Carrier Safety Regulations so as to safely operate the Tractor-Trailer.

43. The above-referenced Federal Motor Carrier Safety Regulations were enacted and intended to protect motorists, passengers and pedestrians from the dangerous operation of vehicles.

44. At the time of the violations alleged above, Plaintiff were operating a motor vehicle on a roadway, and thus, belonged to the class of persons that these Federal Motor Carrier Safety Regulations were enacted and intended to protect.

45. The above-referenced violations of the Federal Motor Carrier Safety Regulations were the direct and proximate cause of the Subject Incident.

46. Southern is liable for the violations listed above pursuant to Part 390 et seq. of the Federal Motor Carrier Safety Regulations.

47. As a direct and proximate result of the negligence per se of Defendant Southern, Plaintiff suffered severe, permanent and progressive personal injuries.

48. That Defendant Southern's careless and negligent actions were a direct cause of the accident with Plaintiff.

49. That as a direct and proximate result of the negligence and carelessness of Defendants, Plaintiff sustained severe injuries incurring, but not limited to, wage earning ability, property damage, medical expenses, pain and suffering resulting in damage to Plaintiff in an undetermined sum in excess of seventy-five thousand dollars ($75,000.00) for which Defendant Southern is vicariously liable as Defendant Weeks's employer.

WHEREFORE, the Plaintiff respectfully prays the Court as follows:

1. On the First Claim for Relief, that Plaintiff have and recover of Defendants, an amount in excess of seventy-five thousand dollars ($75,000.00) to be determined at the trial of this matter for compensatory damages;

2. On the Second Claim for Relief, that Plaintiff have and recover of Defendant Southern, an amount in excess of seventy-five thousand dollars ($75,000.00) to be determined at the trial of this matter for Plaintiff's personal injuries, bearing prejudgment interest at the highest rate allowed by law;

3. On the Third Claim for Relief, that Plaintiff have and recover of Defendant Southern, an amount in excess of seventy-five thousand dollars ($75,000.00) to be determined at the trial of this matter for Plaintiff's personal injuries, bearing prejudgment interest at the highest rate allowed by law;

4. On the Fourth Claim for Relief, that Plaintiff have and recover of Defendant Southern, an amount in excess of seventy-five thousand dollars ($75,000.00) to be determined at the trial of this matter for Plaintiff's personal injuries, bearing prejudgment interest at the highest rate allowed by law;

5. That all costs of this action be taxed against the Defendants, jointly and severally;

6. That all issues of fact so triable be tried by a jury; and

7. For such other and further relief as to the court may seem just and proper.

This the 16th day of May, 2022.

/S/ Karonnie R. Truzy
Karonnie R. Truzy
NC State Bar No.: 28228
CRUMLEY ROBERTS, LLP
2400 Freeman Mill Road, Suite 200
Greensboro, NC 27406
Telephone: (336) 333-9899
Krtruzy@crumleyroberts.com